UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICE OF VIRGINIA
Richmond Division

CHRISTOPHER J. HOLMES,

        Plaintiff,

v.                                     Civil Action No.:  **3:18cv00057**

                                      **TRIAL BY JURY IS DEMANDED**

JASON NORTON,

        Serve: 2715 Bowles Lane
               Glen Allen, VA  23060

        Defendant.

## COMPLAINT

NOW COMES the Plaintiff, by counsel, and moves the Court for judgment against the

Defendant, Jason Norton, and in support thereof says as follows:

## INTRODUCTION

1.     This action arises out of the intentional and malicious false representations of

Defendant, Jason Norton (hereinafter "Norton"), in his capacity as a detective for the Richmond

City Police Department, about the history and reliability of the confidential informant whose

"tip" led to the search, seizure, arrest, and ultimate convictions and sentencing of the Plaintiff to

serve seven years in prison.

2.     The intentional and malicious actions of Norton violated the Plaintiff's Fourth and

Fourteenth Amendment rights and led to the criminal prosecution against the Plaintiff, and led to

the criminal prosecution and convictions of the Plaintiff, which caused the Plaintiff to serve four (4) years in prison.

## JURISDICTION AND VENUE

3.      This court has subject matter jurisdiction over the Plaintiff's claims under 28 U.S.C. 1331.

4.      Personal jurisdiction and venue is proper in this court under 28 U.S.C. 1391 because at all times relevant herein the events took place in the city of Richmond, Virginia, within the Richmond Division of the Eastern District.

## PARTIES

5.      Plaintiff is a resident of the Chesterfield County, Virginia; and on December 22, 2010, he was arrested in the City of Richmond.

6.      At all times relevant herein, Defendant, Jason Norton (hereinafter "Norton") was a police officer, acting as an agent, servant, and employee of the City of Richmond, acting under color of law, and is sued in his individual capacity, and is a resident and domiciliary of the Commonwealth of Virginia.

## FACTS

7.      On December 22, 2010, Norton and other members of the Richmond City Police Department effectuated a traffic stop on a vehicle driven by the Plaintiff, ordered him out of his vehicle, and conducted a pat-down search of his person.

8.      Due to illegal items found during the course of said search, the Plaintiff was arrested and subsequently convicted of Possession with Intent to Distribute Cocaine; Possession of Ecstasy; Possession of Marijuana; Possession of a Firearm by a Convicted Felon; Possession of a Firearm while Possessing with Intent to Distribute Cocaine; and, Carrying a Concealed

Weapon/Second Offense.

9.      Prior to the Plaintiff's trial on these charges, a Motion to Suppress was filed and argued on the grounds of illegal search and seizure.

10.     Said Motion to Suppress was denied based on the testimony of Norton concerning the history and reliability of the confidential informant.

11.     Plaintiff pleaded "not guilty", but was found guilty on December 12, 2011, at a bench trial based on the testimony of Norton regarding said confidential informant.

12.     On February 2, 2012, Plaintiff was sentenced to a seven (7) year active period of incarceration.

13.     On or about October 23, 2015, counsel for the Plaintiff filed a Motion to Vacate Plaintiff's convictions on the grounds that Norton made false representations about the history and reliability of the confidential informant, constituting extrinsic fraud.

14.     The Commonwealth conceded that Norton made said false representations, and also stipulated that Norton's testimony constituted clear and convincing fraud.

15.     The Honorable Beverly W. Snukals, Judge of the City of Richmond Circuit Court, found that the actions of Norton constituted extrinsic fraud, and that Norton's "pervasive pattern of perjury outside this case involving the history and reliability of confidential informants constitutes extrinsic fraud."

16.     By Order, dated January 26, 2016, Judge Snukals vacated Plaintiff's convictions.

17.     Plaintiff was released from prison on January 28, 2106.

**COUNT I**
**Violation of Fourth Amendment (42 U.S.C 1983)**

18. The allegations contained in numbered paragraphs 1 through 17 are hereby re-alleged and incorporated herein.

19. Norton's actions denied Plaintiff his freedom from unreasonable search and seizure, as he had no reasonable articulable suspicion that Plaintiff was engaged in criminal activity; and Norton had no cause to seize, pat down, or otherwise search Plaintiff.

20. Norton's deliberate, recklessness, and callous indifference to Plaintiff's rights was the proximate cause of the violation of Plaintiff's Fourth Amendment rights against unreasonable search and seizure.

21. Norton deprived Plaintiff of these rights under the color of state law, in violation of 42 U.S.C. 1983.

22. As a direct and proximate result of the aforementioned malicious prosecution, the Plaintiff was caused to suffer injuries, including, but not limited to, being incarcerated for more than six (6) years.

## COUNT II
## Malicious Prosecution in Violation of the Fourth Amendment (42 U.S.C. 1983)

23. The allegations contained in numbered paragraphs 1 through 22 are hereby re-alleged and incorporated herein.

24. The above-described actions of Norton constitute a malicious prosecution of the Plaintiff.

25. Norton intentionally, maliciously, purposefully, and maliciously seized, arrested, and instituted criminal proceedings against the Plaintiff without a reasonable articulable

suspicion, and unsupported by probable cause.

26.     Criminal proceedings against the Plaintiff terminated in a manner not unfavorable to Plaintiff.

27.     Norton deprived Plaintiff of these rights under the color of state law, in violation of 42 U.S.C. 1983.

28.     As a direct and proximate result of the aforementioned malicious prosecution, the Plaintiff was caused to suffer injuries, including, but not limited to, being incarcerated for more than six (6) years.

### COUNT III
### False Imprisonment - Violation of the Fourteenth Amendment (42 U.S.C. 1983)

29.     The allegations contained in numbered paragraphs 1 through 28 are hereby re-alleged and incorporated herein.

30.     The Defendants intentionally, and without legal right restricted Plaintiff's freedom of movement.

35.     The Defendants restrained, detained, and prohibited Plaintiff's freedom of movement through the intentional use of false testimony, which was the proximate cause of Plaintiff's imprisonment without due process of law.

36.     As a direct and proximate result of the aforementioned false imprisonment, the Plaintiff was caused to suffer injuries, is suffering, and will continue to suffer in the future with pain of body and mind.

37.     Norton deprived Plaintiff of these rights under the color of state law, in violation of 42 U.S.C. 1983.

## COUNT IV
## Malicious Prosecution in Violation of Virginia Law

38.     The allegations contained in numbered paragraphs 1 through 37 are hereby re-alleged and incorporated herein.

39.     The above-described actions of Norton constituted a malicious prosecution of the Plaintiff.

40.     Norton intentionally, maliciously, purposefully, and maliciously seized, arrested, and instituted criminal proceedings against the Plaintiff without a reasonable articulable suspicion, and unsupported by probable cause.

41.     Criminal proceedings against the Plaintiff terminated in a manner not unfavorable to Plaintiff.

42.     As a direct and proximate result of the aforementioned malicious prosecution, the Plaintiff was caused to suffer injuries, including, but not limited to, being incarcerated for more than six (6) years.

WHEREFORE, Plaintiff demands judgment against the Defendants, jointly and severally, in the sum of TEN MILLION and 00/100 DOLLARS ($10,000,000.00) in compensatory damages, and an award of punitive damages in the sum of THREE HUNDRED FIFTY THOUSAND and 00/100 DOLLARS ($350,000.00), costs and pre- and post-judgment interest and any such further relief as this Court may deem proper.

**A TRIAL BY JURY IS DEMANDED**

Christopher J. Holmes
By counsel

David L. Epperly, Jr., Esquire, VSB #30072
EPPERLY & FOLLIS, P.C.
7 East Franklin Street
Richmond, Virginia  23219
(804) 648-6480
(804) 643-1551 facsimile
depperly@lawyersva.com

Christopher M. Bradshaw, Esquire, VSB #74705
BRADSHAW & O'CONNOR, P.C.
7 East Franklin Street
Richmond, Virginia  23219
(804) 622-7701
(804) 643-1551 facsimile
cbradshaw@bradshawoconnor.com

Counsel for Plaintiff