IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

CHRISTOPHER J. HOLMES,

    Plaintiff,

v.                            Case No. 3:18cv00057

JASON NORTON,

    Defendant.

## BRIEF IN SUPPORT OF DEFENDANT JASON NORTON'S RULE 12(B)(6) MOTION TO DISMISS THE COMPLAINT

## I.    INTRODUCTION

Plaintiff Christopher J. Holmes ("Holmes") was arrested after Norton and other police officers, acting on a tip provided by a confidential informant, discovered illegal drugs and a firearm during a traffic stop on December 22, 2010.  Holmes alleges Norton lacked probable cause to execute the search.  Holmes does not dispute he had the illegal contraband in his possession, nor does he dispute that the possession of this contraband constituted probable cause to arrest and prosecute.

Holmes alleges Norton's testimony at the hearing on Holmes' motion to suppress regarding the history and reliability of a confidential informant and Norton's testimony regarding the confidential informant at Holmes' criminal bench trial was false.  Holmes was found guilty on December 12, 2011 and sentenced to seven years on February 2, 2012.

Holmes' convictions were vacated on January 26, 2016.  Holmes maintains that the search and seizure and prosecution were unlawful because they were not supported by probable cause.  As a result, he also maintains his subsequent incarceration amounted to false imprisonment.

Holmes brings claims for unlawful search and seizure, malicious prosecution, and false imprisonment under 42 U.S.C. §1983.   Holmes also brings a state claim for malicious prosecution.   Holmes' claims for unlawful seizure and malicious prosecution, both federal and state, fail because his arrest and prosecution were supported by probable cause and because he was guilty.  Holmes was in possession of contraband.  Tellingly, Holmes does not dispute that he is guilty.  Unlike a criminal proceeding, the "fruit of the poisonous tree" doctrine does not apply to Section 1983 actions.  Holmes' claim for false imprisonment in violation of his due process rights is barred because Norton is protected by absolute immunity for any claims arising from his alleged false testimony.  Holmes' claim for unlawful search and seizure is also barred by the applicable limitations period.

## II.   ALLEGATIONS

Holmes alleges Norton acted on a tip provided by a confidential informant to stop and search Holmes and his vehicle which yielded the discovery of illegal contraband, but the search was not supported by probable cause and the testimony provided to the Court about the history and reliability of the informant were false.  See Complaint (ECF Doc. 1 at ¶¶ 1, 7-8, 10-11, 19).  Holmes alleges Norton's actions also amounted to malicious prosecution because he instituted criminal proceedings without probable cause.  Id. at ¶ 25.  He also alleges he was unlawfully imprisoned because of Norton's false testimony.  Id. at ¶ 35[1].

Holmes was arrested and convicted of possession with intent to distribute cocaine, possession of ecstasy, possession of marijuana, possession of firearm by a convicted felon, possession of a firearm while possessing with intent to distribute cocaine, and carrying a concealed weapon, second offense.  Id. at ¶ 8.  Holmes filed a motion to suppress, arguing illegal

---

[1] The Complaint skips paragraph numbers 31-34.  Defendant will refer to the paragraph numbers assigned by Plaintiff in the Complaint.

search and seizure, which was denied based on Norton's testimony concerning the history and reliability of the confidential informant. <u>Id</u>. at ¶¶ 9-10.  Holmes pled "not guilty," and was found guilty on December 12, 2011, following a bench trial.  <u>Id</u>. at ¶ 11.  Holmes alleges he was found guilty based on Norton's testimony regarding the confidential informant.  <u>Id</u>.  Holmes was sentenced to seven years on February 2, 2012.  <u>Id</u>. at ¶ 12.  Holmes' counsel filed a motion to vacate Holmes' convictions on October 23, 2015 on the grounds that Norton's testimony about the confidential informant's history and reliability was false. <u>Id</u>. at ¶ 13.  Judge Snukals vacated the convictions on January 26, 2016, finding that Norton's actions constituted extrinsic fraud and that Norton's "pervasive pattern of perjury outside this case involving the history and reliability of confidential informants constitutes extrinsic fraud." <u>Id</u>. at ¶¶ 15-16.  Holmes was released from prison on January 28, 2016.  <u>Id</u>. at ¶ 17.

### III.     LAW AND ARGUMENT

#### A.     Standard of Review.

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a court to dismiss an action if the Complaint fails to state a claim upon which relief can be granted.  <u>Mylan Laboratories, Inc. v. Matkari</u>, 7 F.3d 1130, 1134 (4th Cir. 1993).  In reviewing a defendant's motion under Rule 12(b)(6), a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Legal conclusions, however, enjoy no such deference.  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 129 S. Ct. 1937 (2009).  As the court pointed out in <u>Iqbal</u>, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  556 U.S. at 678, 129 S. Ct. at 1949 (Emphasis added.  Internal quotations omitted).

To state a plausible claim for relief, the Supreme Court has held that a complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007). To discount such unadorned conclusory allegations "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 556 U.S. at 679, 129 S. Ct. at 1950. This approach recognizes that "'naked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'" Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 557, 127 S. Ct. at 1966) (Emphasis added). As the court further noted in Francis, "[a]t bottom, determining whether a complaint states on its face a plausible claim for relief and therefore can survive a Rule 12(b)(6) motion will be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." 588 F.3d at 193 (internal quotation marks omitted).

**B.       Holmes Does Not State a Claim under Section 1983.**

   **1.       Holmes' Fourth Amendment Claims Fail as a Matter of Law.**

Holmes alleges that Norton violated his Fourth Amendment right against unlawful search and seizure when he searched and arrested without any "reasonable articulable suspicion that Plaintiff was engaged in criminal activity." See Complaint (ECF Doc. 1 at ¶ 19). Holmes alleges Norton violated his Fourth Amendment right against malicious prosecution when he "instituted criminal proceedings against the Plaintiff without a reasonable articulable suspicion, and unsupported by probable cause. Id. at ¶ 25.

Holmes' Fourth Amendment claims cannot survive a motion to dismiss for five reasons: (1) there was probable cause for Holmes' arrest; (2) the fruit of poisonous tree doctrine does not apply to Section 1983 claims; (3) The trial court's finding of guilt is an intervening and superseding cause that insulates Norton from liability; (4) Holmes was guilty of the crimes charged; and (5) Holmes' claim for unlawful seizure and search is time-barred.  Consequently, Counts I-II of the Complaint should be dismissed with prejudice.

### a.        Probable cause defeats Holmes' Fourth Amendment Claims

To state a Fourth Amendment violation under a malicious prosecution theory, Holmes must allege that "[1] the defendant ha[s] seized plaintiff pursuant to legal process that was not supported by probable cause and [2] that the criminal proceedings have terminated in plaintiff's favor."  Smith v. Munday, 848 F.3d 248, *2 (4th Cir. 2017).  Thus, the question at issue is whether there was probable cause to arrest Holmes.  Id. at *3.  Probable cause requires more than bare suspicion, but it requires less than evidence necessary to convict.  Id.

Here, it is clear from the Complaint that there was probable cause to support Holmes' arrest.  He was arrested because of the drugs and firearm discovered in his vehicle.  Holmes seeks to avoid this result by contending the inaccurate confidential informant information and the "fruit of the poisonous tree" exclusionary rule would exclude evidence found as a result of the search.  Holmes, however, was not arrested based on Norton's alleged representations about his confidential informant.  It was the possession of illegal drugs and gun that provided the probable cause for Holmes' arrest.   Indeed, probable cause exists when the "facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person . . . in the circumstances shown, [to believe] that the suspect has committed, is committing, or is about to

commit an offense." Michigan v. DeFillippo, 443 U.S. 31, 37, 99 S. Ct. 2627, 2632, 61 L. Ed. 2d 343 (1979).

Under these circumstances, there is no question that probable cause existed to support Holmes' arrest and prosecution. See, e.g., United States v. Clyburn, 24 F.3d 613, 618 (4th Cir. 1994) (although the informant's reliability initially was questionable, the officer set up and monitored controlled purchases of cocaine supporting probable cause finding); Durham v. Horner, 690 F.3d 183 (4th Cir. 2012) (finding probable cause to arrest plaintiff for drug distribution based on police investigation even though police arrested the wrong person); Black v. Wigington, 811 F.3d 1259, 1267 (11th Cir. 2016) (police officer cannot be liable for malicious prosecution if the arrest warrant was supported by probable cause); Porterfield v. Lott, 156 F.3d 563, 569 (4th Cir. 1998) (deputies were amply justified in believing that Porterfield was engaging in criminal activity by attempting to sell a Mercedes Benz for cash and drugs based on informant information and police observations); Washington v. Daniels, Case No. 5:12-ct-03080, 2014 WL 4701174, at *4 (E.D.N.C. Sept. 22, 2014), aff'd, 591 F. App'x 237 (4th Cir. 2015) (dismissing Section1983 malicious prosecution case because there was probable cause for the arrest despite plaintiff's contention that confidential informant lacked credibility).

The discovery of illegal contraband – the probable cause for Holmes' arrest and prosecution - is fatal to his Fourth Amendment claims of unlawful seizure and malicious prosecution against Norton.

### b.    Norton is not liable under a "fruit of the poisonous tree" theory.

Holmes does not dispute that illegal drugs and an illegal firearm were found when he and his vehicle were searched. Rather, Holmes supports his Fourth Amendment claims on the theory that his possession of illegal drugs and a weapon could not be considered for purposes of

probable cause, because they were discovered during an illegal search.  Even if Holmes' Fourth Amendment rights were violated by an illegal search, Norton cannot be liable under Section 1983 for a lawful arrest and prosecution that resulted after an allegedly unlawful search.  The "fruit of the poisonous tree" doctrine does not apply in Section 1983 cases.

The fruit of the poisonous tree doctrine is merely an extension of the exclusionary rule, see Segura v. United States, 468 U.S. 796, 804, 104 S. Ct. 3380 (1984), and as such generally operates "only in criminal trials." Pa. Bd. of Probation & Parole v. Scott, 524 U.S. 357, 364 n. 4, 118 S. Ct. 2014 (1998). Consequently, "[v]ictims of unreasonable searches . . . may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999) (the lack of probable cause to stop and search does not vitiate the probable cause to arrest); see also Ware v. James City County, Virginia, 652 F. Supp. 2d 693, 705 (E.D. Va. 2009) (holding that the fruit of the poisonous tree doctrine does not apply in Section 1983 civil cases); Guerrero v. Deane, 750 F. Supp. 2d 631, 652 (E.D. Va. 2010) (finding in a Section 1983 case that the lawfulness of an entry is a separate question from the lawfulness of a subsequent seizure).

Ware addressed legal issues similar to those at issue here.  In Ware, the investigating officer, responding to a harassment complaint, entered a residence without a warrant to question the suspect plaintiff.  652 F. Supp. 2d at 697.  An altercation ensued.  Id.  The investigating officer called back-up and arrested the plaintiff.  Id. at 697-700.  In the subsequent civil suit, the plaintiff argued that his arrest was unlawful, regardless of whether the arresting officer had probable cause, because the officer violated his right to privacy by forcibly entering the home. Id. at 705.  The Court rejected this claim and held that the legality of the officer's entry was

irrelevant to the question of probable cause for the arrest.  Id. at 706 (holding that the fruit of the poisonous tree doctrine does not apply in Section 1983 civil cases); see also Sommerville v. Dobson, No. 4:10CV67, 2011 WL 9160525, at *8 (E.D. Va. Mar. 8, 2011) (rejecting the argument that defendants were precluded from relying on probable cause evidence found during an unlawful search under the fruit of the poisonous tree doctrine in a Section 1983 claim. "Whether Dobson's and Ledbetter's entry onto Sommerville's property was lawful is irrelevant to the question of whether Dobson and Ledbetter are entitled to summary judgment on Sommerville's unreasonable seizure claim. The answer to that question depends solely upon whether Sommerville's alleged seizure was supported by probable cause.")

Moreover, Courts of Appeals for the Second, Third, Fifth, Ninth, and Eleventh Circuits have also found that the doctrine does not apply to Section 1983 claims.  See Townes v. City of New York, 176 F.3d 138, 148 (2d Cir. 1999) ("[v]ictims of unreasonable searches . . . may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution."); Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001) (declining to extend the exclusionary rule to civil cases); Wren v. Towe, 130 F.3d 1154 (5th Cir. 1997) (holding that the exclusionary rule was not applicable in a truck owner's Section 1983 action against law enforcement officers who allegedly conducted an illegal search of truck); Lingo v. City of Salem, 832 F.3d 953, 960 (9th Cir. 2016) ("Nothing within the fruit-of-the-poisonous-tree doctrine suggests that an officer must ignore facts that would give him probable cause to arrest a person merely because those facts were procured through an unlawful search."); Black v. Wigington, 811 F.3d 1259, 1267-68 (11th Cir. 2016) ("We now join our sister circuits and hold that the exclusionary rule does not apply in a civil suit against police officers," finding that arrest

warrants were plainly supported by probable cause listing the marijuana, drug paraphernalia, and clothing that the officers found in the Blacks' trailer).

Not extending the exclusionary rule to civil claims makes sense when the genesis of the exclusionary rule is considered. "The exclusionary rule is [ ] a judicially created means of deterring illegal searches and seizures." Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 363 (1998). **The Supreme Court has "emphasized repeatedly that the governments' use of evidence obtained in violation of the Fourth Amendment does not itself violate the Constitution."** Id. at 362. **The rationale behind the exclusionary rule is "to safeguard Fourth Amendment rights generally through its deterrent effect, rather than a personal constitutional right of the party aggrieved," and "application of the rule has been restricted to those areas where its remedial objectives are thought to be most efficaciously served."** United States v. Janis, 428 U.S. 433, 446–447 (1976) (citing U.S. v. Calandra, 414 U.S. 338, 348, 94 S. Ct. 613, 620, 38 L.Ed.2d 561 (1974)).

Again, the Supreme Court has "repeatedly declined to extend the exclusionary rule to proceedings other than criminal trials." Pennsylvania Bd. of Prob. & Parole v. Scott, 524 U.S. 357, 363, 118 S. Ct. 2014, 2019, 141 L. Ed. 2d 344 (1998). Applying the exclusionary rule to civil claims under Section 1983 has minimal deterrence benefits since the use of the exclusionary rule in criminal trials already deters illegal searches. See e.g., U.S. v. Janis, 428 U.S. 433, 448 (1976) (holding that the exclusionary rule did not bar the introduction of unconstitutionally obtained evidence in a civil tax proceeding because the costs of excluding relevant and reliable evidence would outweigh the marginal deterrence benefits, which, the Court noted, would be minimal because the use of the exclusionary rule in criminal trials already deterred illegal searches).

While an illegal search may be actionable, an arrest and prosecution based on that search is not grounds for a malicious prosecution claim. Williams v. City of Tulsa demonstrates this point. 2016 WL 1572957 (N.D. Okla. Apr. 19, 2016). There, an officer fabricated a confidential informant in an affidavit to obtain a search warrant. Id. at *2. Police then executed the search warrants, found drugs and a firearm, and later arrested the plaintiff, who was convicted and sentenced to life imprisonment. Id. at *3. After serving six years in a maximum-security federal prison, the plaintiff was released around the time that officer was indicted for—and later convicted of—perjury. Id. at *4. Relying on Black, Townes, and Wren, the court held that the fruit of the poisonous tree doctrine was inapplicable in the plaintiff's malicious prosecution case. Id. at *6-7. The court acknowledged that "a constitutional violation did occur" when the search warrant was executed. But "without the benefit of the exclusionary rule and the fruit of the poisonous tree doctrine… no further constitutional violation occurred." Id. at *7. The court concluded that "this is not a case of actual innocence or wrongful imprisonment," and accordingly found "no reason to compensate [the plaintiff] for the six years he served." Id.; see also Bradshaw v. Mazurski, 2004 WL 170337, at *6 (N.D. Ill. Jan. 15, 2004)(refusing to apply the fruit of the poisonous tree doctrine where officers allegedly procured a search warrant using false testimony and then discovered contraband that led to the plaintiff's arrest and prosecution).

Norton's alleged conduct in purportedly providing false information regarding the confidential informant's history and reliability does not preclude a finding of probable cause for Holmes' arrest and subsequent prosecution under Section 1983. Simply put, Holmes is not permitted to pursue monetary compensation when there was probable cause for his arrest and prosecution. Holmes received the relief to which he was entitled as evidenced by the dismissal of his criminal charge and release from prison. Townes, 176 F.3d at 148 ("Townes has already

reaped an enormous benefit by reason of the illegal seizure and search to which he was subjected: his freedom, achieved by the suppression of evidence obtained in violation of the Fourth Amendment.")  Accordingly, Holmes' Fourth Amendment claims for unlawful seizure and malicious prosecution should be dismissed with prejudice.

### c.     The finding of guilt was an intervening and superseding cause that insulates Norton from liability.

Even if Holmes' could pursue a fruit of the poisonous tree theory, the court's finding of guilt broke any chain of causation between Norton's testimony about the confidential informant's history and reliability and any harm to Holmes.  Even if the information presented about the informant's history and reliability were incorrect, the information provided by the informant about Holmes's suspected criminal activity was obviously correct; officers found illegal contraband as a result.    Because Section 1983 constitutional torts "require a demonstration of both but-for and proximate causation" Evans v. Chalmers, 703 F.3d at 674 (citing Murray v. Earle, 405 F.3d 278, 289-90 (5th Cir. 2005) and Townes v. City of New York, 176 F.3d 138, 146 (2d Cir. 1999)), "subsequent acts of independent decision-makers (e.g., prosecutors, grand juries, and judges) may constitute intervening superseding causes that break the causal chain between a defendant-officer's misconduct and a plaintiff's unlawful seizure" id. (citation omitted).

While Holmes alleges that Norton testified at the motion to suppress hearing, and at the criminal trial, there are no allegations that Norton provided any false testimony about the actual tip he received from the confidential informant.  Moreover, Holmes' arrest, prosecution and convictions were justified by the plain fact that drugs and a weapon were actually found in his possession.  There is no question that probable cause existed to arrest and prosecute Holmes. The

independent action of the trial court when it found Holmes guilty served as an intervening and superseding cause between Norton's alleged false information and Holmes' convictions. Consequently, Holmes' Section 1983 unlawful seizure and malicious prosecution claims should be dismissed with prejudice.

### d.   Holmes' Fourth Amendment Claims Must Fail Because He is Guilty

Holmes admits illegal drugs and a firearm were found in his possession. (ECF Doc. 1 at ¶ 8). A plaintiff's actual innocence is a prerequisite for bringing a Section 1983 action. See, e.g., Donahue v. Gavin, 280 F.3d 371, 383-84 (3d Cir. 2002) (plaintiff must be actually innocent to bring a Fourth Amendment claim). Holmes' guilt precludes his Fourth Amendment claims.

### e.   Holmes' Claim for Unlawful Search and Seizure is Time-Barred

Holmes' Section 1983 claim for illegal seizure and illegal search is time-barred. Section 1983 actions are governed by the state statute of limitations applicable for general personal injury cases in the state where the alleged violations occur. Owens v. Okure, 488 U.S. 235, 239-40, 109 S. Ct. 573, 102 L.Ed.2d 594 (1989). Virginia has a two-year statute of limitations for general, personal injury claims. Va. Code Ann. § 8.01-243(A). The question of when a claim under Section 1983 accrues, however, is governed by federal law. Nasim v. Warden, Md. House of Correction, 64 F.3d 951, 955 (4th Cir. 1995) (en banc).

A cause of action under Section 1983 accrues and the statute of limitations begins running "when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." Nasim, 64 F.3d at 955. Once a plaintiff has information regarding the fact of his injury and who effected it, the plaintiff has inquiry notice that requires him to undertake an investigation as to the details of his claims; and, "[t]o excuse him from promptly [making inquiry] by postponing the accrual of his claim would undermine the purpose of the limitations statute." Id. (citing and quoting United States v. Kubrick, 444 U.S. 111,122-

124 (1979)); <u>Lewis v. Clark,</u> 534 F. Supp. 714 (D. Md. 1982) (holding the statute of limitations

began to run at the time of the illegal search, not when the defendant police officer admitted to

fabricating the search warrant and planting drugs).

A Section 1983 unlawful seizure claim accrues, not "upon his release from custody, after

the State dropped the charges," but rather when "legal process was initiated." <u>Wallace v. Kato</u>,

549 U.S. 384, 390, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007). The holding in <u>Heck v. Humphrey</u>,

512 U.S. 477, 114 S. Ct. 2364 (1994)[2], does not toll the limitations period:

> The impracticality of such a rule should be obvious. In an action for false arrest it
> would require the plaintiff (and if he brings suit promptly, the court) to speculate
> about whether a prosecution will be brought, whether it will result in conviction,
> and whether the pending civil action will impugn that verdict…And what if the
> plaintiff guesses wrong, and the anticipated future conviction never occurs,
> because of acquittal or dismissal? Does that event (instead of the Heck-required
> setting aside of extant conviction) trigger accrual of the cause of action? Or what
> if prosecution never occurs- what will the trigger be then? We are not disposed to
> embrace this bizarre extension of Heck.

<u>Wallace</u>, 549 U.S. at 393.

The same reasoning would apply to Holmes' unlawful search claim. <u>Heck</u> would not toll

the limitations period while Holmes waited to see if he was convicted as a result. Claims

involving allegedly falsified search warrant affidavits are analyzed under the Fourth

Amendment. <u>Miller v. Prince George's County, MD</u>, 475 F.3d 621 (4th Cir. 2007). Such claims

"do not necessarily imply the invalidity of [a] conviction and thus are not barred by" the accrual

rule of <u>Heck</u>. <u>Covey v. Assessor of Ohio County</u>, 777 F.3d 186, 197 (4th Cir. 2015).

The search of Holmes and his vehicle, and his subsequent arrest, occurred in December

2009. Viewing Holmes' allegations in the light most favorable to him, Holmes knew by October

2015 that Norton provided false testimony regarding the history and reliability of his confidential

---

[2] The <u>Heck</u> court stated, "[A] plaintiff attacking the legality of his conviction or confinement has no cause of action
under Section 1983 unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by
the grant of a writ of habeas corpus."

informant when his counsel filed the motion to vacate his convictions on these grounds.   See Complaint (ECF Doc. 1, ¶ 13).   Holmes did not file his Complaint until January, 2018, well-beyond the two year time period since he had notice of Norton's alleged false representations.

The Fourth Circuit's decision in <u>Cramer v. Crutchfield</u> perfectly illustrates why the unlawful seizure and unlawful search claims are time-barred.  648 F.2d 943, 945 (4th Cir. 1981). On September 5, 1977, the cab of Cramer's truck was allegedly searched illegally during a traffic stop initiated by Crutchfield.  <u>Id.</u> at 944.  An illegal radar detection device was found in the cab under a mattress.  <u>Id.</u>  Cramer was later convicted in the Prince George County General District Court for equipping his vehicle with the device in violation of Virginia law.  <u>Id.</u> at 945.  Cramer never asserted that the search was unlawful and never objected or moved to suppress the evidence found during the search.   Cramer appealed his conviction to the Circuit Court for Prince George County.  <u>Id.</u>  On September 18, 1978, the charges against Cramer were dismissed by motion of the Commonwealth's Attorney.  <u>Id.</u>

On September 18, 1979, more than two years after the search of Cramer's truck, Cramer filed a Section 1983 action against Officer Crutchfield, asserting that his constitutional rights were violated due to an unlawful search and seizure, malicious prosecution, and a malicious abuse of process.  <u>Id.</u> at 944.  The Fourth Circuit found that, while Cramer had stated a valid claim for illegal search and seizure, that claim was time-barred since the search occurred more than two years earlier.  <u>Id.</u> at 945.

Just as in <u>Cramer</u>, Holmes' Section 1983 claim arises from allegations of an illegal search and unlawful arrest.  Holmes admits he knew about Norton's alleged false representations by October 2015 when his attorney filed a motion to vacate on his behalf.  Because Holmes did not

file his Complaint until more than two years passed since the motion to vacate was filed, Holmes' claim for illegal search and seizure is time-barred.

### 2. __Holmes' Fourteenth Amendment Claim for False Imprisonment Fails__

Holmes claims he was unlawfully imprisoned in violation of his due process rights through Norton's intentional use of false testimony.  He alleges that Norton falsely testified at the motion to suppress hearing and at his criminal trial about the history and reliability of his confidential informant.  Norton is entitled to absolute immunity from Section 1983 claims arising from allegedly giving perjured testimony at Holmes' criminal trial.  See Briscoe v. LaHue, 460 U.S. 325, 103 S.Ct. 1108, 75 L.Ed. 2d 96 (1983)(wherein plaintiff brought Section 1983 claim against police officers for violation of due process by committing perjury at criminal trial); see also Lyles v. Sparks, 79 F.3d 372, 378 (4th Cir. 1996)(holding that absolute immunity applies to government officials' testimony before a grand jury).  The Supreme Court in Brisco explained that absolute immunity makes good public policy sense because police officers testify in a multitude of cases every year and allowing Section 1983 claims arising from their testimony would impose a great burden on both the judicial and law enforcements systems.  Briscoe, 460 U.S. at 343.  The Brisco court refused to make an exception for cases where the criminal defendant vindicated themselves on appeal or by collateral attack because it could change the focus of any post-trial relief "by even the subconscious knowledge that a post-trial decision in favor of the accused might result in the [police officer] being called upon to respond in damages for his error or mistaken judgment." Id. at 344 (citation omitted).  This same reasoning applies to Norton's testimony at the motion to suppress because absolute immunity arises from the judicial proceeding itself.  Id. at 334.  Thus, Holmes' Fourteenth Amendment claim must fail.

**C.**     <u>**Holmes' State Law Malicious Prosecution Claim Also Fails.**</u>

Holmes also asserts a claim against Norton for malicious prosecution under the common law of Virginia.  Actions for malicious prosecution "are not favored in Virginia" and "the requirements for maintaining such an action are more stringent than other tort cases." <u>Reilly v. Shepherd</u>, 273 Va. 728, 733, 643 S.E.2d 216, 218 (2007); <u>Pallas v. Zaharopoulos</u>, 219 Va. 751, 250 S.E.2d 356 (1979).  This is because criminal prosecutions are essential for the maintenance of an orderly society, and people should not be discouraged from participating in such actions for fear of later civil lawsuits.  <u>Lee v. Southland Corp.</u>, 219 Va. 23, 26, 244 S.E.2d 756, 758 (1978). To sustain a cause of action for malicious prosecution, the plaintiff must prove that the prosecution was: (1) malicious; (2) instituted by or with the cooperation of the defendant; (3) without probable cause; and, (4) terminated in a manner not unfavorable to the plaintiff. <u>O'Connor v. Tice</u>, 281 Va. 1, 7, 704 S.E.2d 572, 575 (2011).

Holmes' state law claim for malicious prosecution fails for the same reason the Section 1983 malicious prosecution claim cannot survive – Holmes' arrest was supported by probable cause.  "Probable cause serves as a complete defense to an action for malicious prosecution…" <u>Pallas v. Zaharopoulos</u>, 219 Va. 751, 755, 250 S.E.2d 356, 359 (1979).  Actual guilt is also a complete defense to an action for malicious prosecution.  See <u>Wiggs v. Farmer</u>, 205 Va. 149, 152, 135 S.E.2d 829, 831 (1964)("The action for malicious prosecution was designed for the benefit of the innocent and not of the guilty."); <u>Horne v. Bridwell</u>, 193 Va. 381, 389, 68 S.E.2d 535, 540 (1952)("Proof of the actual guilt of the person accused is a complete defense even though the prosecution may have been dismissed or the defendant acquitted.")

Holmes does not dispute that illegal contraband was found in his possession during the search, and that cannot be ignored.  Thus, there was in fact probable cause to arrest and

16

prosecute.  Holmes does not allege his innocence.  He cannot proceed on his claim when he actually committed the crime, but had his criminal case dismissed on a legal technicality.

Furthermore, Holmes' intervening criminal trial breaks any causal connection between Norton's alleged misconduct and the subsequent convictions.

For these reasons, Holmes' state claim against Norton should be dismissed with prejudice.

**D.**     **The Rationale of the Townes Case Applies and Supports Dismissal of All Claims.**

Holmes' demand for relief runs counter to the principles of tort law and public policy. "The evil of an unreasonable search and seizure is that it invades privacy, not that it uncovers crime, which is no evil at all." Townes, 176 F.3d at 148. "Victims of unreasonable searches or seizures may recover damages directly related to the invasion of their privacy . . . but such victims cannot be compensated for injuries that result from the discovery of incriminating evidence and consequent criminal prosecution." Id.; Ware, 652 F. Supp. 2d at 706.

Numerous courts across the country, including the Third Circuit in Hector v. Watt, 235 F.3d 154, 157 (3rd Cir. 2001), and district courts, including in the Fourth Circuit, have followed Townes on this and related issues (such as the inapplicability of the fruit of the poisonous tree doctrine in Section 1983 actions).[3] Given the overwhelming consensus of opinion on this point,

---

[3] See Washington v. Hanshaw, 552 Fed. Appx. 169, 172-173 (3rd Cir. 2014)(following Townes and Hector, and rebutting Fourteenth Amendment argument related to an illegal search); Martin v. City of Chicago, Case No. 1:15-cv-04576, 2017 U.S. Dist. LEXIS 1157 *9-13 (N.D. Ill. Jan. 5, 2017); Willis v. Mullins, Case No. 1:04-cv-06542, 2014 U.S. Dist. LEXIS 37762, *16-17 (E.D. Cal. Mar. 20, 2014); Koven v. Lewis, 8:10-cv-00373, 2014 U.S. Dist. LEXIS 2458 *15 (D. Neb. Jan. 9, 2014); Silver v. D.C. Metro. Police Dept., 939 F. Supp. 2d 20, 22-23 (D.D.C. 2013) (citing Townes and Hector); Smith v. Kelly, Case No. 2:11-cv-00623, 2013 U.S. Dist. LEXIS 153172 *41 (W.D. Wash. Oct. 24, 2013); Ruth v. Ford, Case No. 2:09-cv-11278, 2010 U.S. Dist. LEXIS 83825 *18-20 (E.D. Mich. Aug. 17, 2010); Vaughn v. Davis, Case No. 8:07-cv-1173, 2008 U.S. Dist. LEXIS 29867 *13-14 (D.S.C. Jan. 31, 2008); see also Williams v. Carroll, Case No. 1:08-cv-4169, 1010 U.S. Dist. LEXIS 137868 *11, 14-15 (N.D. Ill. Dec. 29, 2010) (citing

it is very likely that the Fourth Circuit would adopt the holdings in <u>Townes</u> and <u>Hector</u>. Norton urges this Court to do the same and dismiss this action with prejudice.

As noted above, a federal court considering a case with nearly identical circumstances dismissed those claims because that case, like this one, "[was] not a case of actual innocence or wrongful imprisonment," so there is "no reason to compensate" the plaintiffs for the time they served for offenses they committed. <u>Williams v. City of Tulsa</u>, 2016 WL 1572957, at *7 (N.D. Okla. Apr. 19, 2016). This Court should follow that same sound reasoning and dismiss this action with prejudice. Here, it was not the information about the confidential informant that landed Holmes in jail, it was the drugs and firearm found in his vehicle.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendant Jason Norton's Motion to Dismiss and dismiss Plaintiff's Complaint with prejudice.

**JASON NORTON**

By Counsel

/s/ _____
David P. Corrigan (VSB No. 26341)
Leslie A. Winneberger (VSB No. 45040)
Attorney for Jason Norton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com
lwinneberger@hccw.com

---

several Seventh Circuit district court decisions following <u>Townes</u> on the exclusionary rule and there agreeing that no damages were owed for an improper arrest once contraband was found).

# **C E R T I F I C A T E**

I hereby certify that on the 21st day of February, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

David L. Epperly, Jr., Esq.
Epperly & Follis, P.C.
7 East Franklin Street
Richmond, VA 23219

Christopher M. Bradshaw, Esq.
Bradshaw & O'Connor, P.C.
7 East Franklin Street
Richmond, VA 23219

/s/
David P. Corrigan (VSB No. 26341)
Attorney for Jason Norton
Harman, Claytor, Corrigan & Wellman
P.O. Box 70280
Richmond, Virginia  23255
804-747-5200 - Phone
804-747-6085 - Fax
dcorrigan@hccw.com